IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

MICHAEL KRIS FURGISON,
TDCJ-CID No. 01949457,

    Plaintiff,

v.                                 2:20-CV-119-Z-BR

RIC VOGELGESANG, *et al.*,

    Defendants.

**MEMORANDUM OPINION AND ORDER
DISMISSING CIVIL RIGHTS COMPLAINT**

This matter comes before the Court on Plaintiff's civil rights claims. Plaintiff filed suit *pro se* while a prisoner incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division. *See* ECF No. 3. Plaintiff was granted permission to proceed *in forma pauperis*. *See* ECF No. 8. On August 10, 2020, Plaintiff filed an Amended Complaint. ECF No. 6. On May 20, 2022, Plaintiff filed a Response to the Court's Briefing Order Questionnaire, effectively supplementing his claims. ECF No. 14. Plaintiff has now filed a Motion for Enlargement of Time ("Motion"), requesting permission to have additional time to file an Amended Complaint that would "cure the deficiencies" that make his Complaint subject to "summary dismissal," and he requested an additional sixty days to submit a new complaint to "add defendants, claims, and claims for relief." ECF No. 18 at 1. The Motion is **DENIED**. Plaintiff has had sufficient time to supplement his claims for relief (through the Response to the Questionnaire and his Amended Complaint) and failed to attach a proposed amended complaint to his Motion; further, adding defendants and claims at this late point would be tantamount to *changing the claims*

in his original complaint, not *clarifying the facts* of his original claims. Plaintiff may file a new Complaint if he has new claims to pursue against different Defendants. For the reasons discussed herein, Plaintiff's Complaint is **DISMISSED**.

### FACTUAL BACKGROUND

Plaintiff's Amended Complaint and Response to the Briefing Order Questionnaire allege that he was denied prompt and adequate medical care between November 2017 to April 19, 2018. ECF No. 14 at 4; ECF No. 6 at 6–14. Specifically, Plaintiff alleges that — despite being taken to the hospital on two occasions, having multiple blood tests, and complaining of severe medical symptoms — he was told repeatedly by Defendants that "nothing was wrong with him." ECF No. 6 at 6. Plaintiff states that inadequate responses from TDCJ medical personnel and staff, has left him with permanent disability to his spinal cord that was finally revealed when he received an MRI in July of 2019. *See id.* Plaintiff claims he was only treated for constipation, and not for spinal injuries during his time on the Clements Unit. *See id.*

### LEGAL STANDARD

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous,[1] malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993).

conditions. 42 U.S.C. § 1997e(c)(1). A *Spears*[2] hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[3]

**ANALYSIS**

"[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (internal marks omitted). Such indifference may be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id.* at 104–05. Medical records showing sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference. *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995). A delay in medical care constitutes an Eighth Amendment violation only if there was deliberate indifference, which resulted in substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

Deliberate indifference "is an extremely high standard to meet." *Hernandez v. Tex. Dep't of Protective & Regul. Servs.*, 380 F.3d 872, 882 (5th Cir. 2004) ("[E]mphasizing . . . the test of deliberate indifference as a significantly high burden for plaintiffs to overcome."). A prison official acts with deliberate indifference "only if (A) he knows that inmates face a substantial risk of serious bodily harm and (B) he disregards that risk by failing to take reasonable measures to abate it." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (internal marks omitted); *see also Reeves*

---

[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

[3] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire."). Dismissals may also be based on adequately identified or authenticated records. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995).

*v. Collins*, 27 F.3d 174, 176–77 (5th Cir. 1994). Unsuccessful medical treatment and acts of negligence or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances. *Hall v. Thomas*, 190 F.3d 693, 697–98 (5th Cir. 1999); *Stewart v. Murphy*, 174 F.3d 530, 537 (5th Cir. 1999); *Banuelos v. McFarland*, 41 F.3d at 235; *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

A showing of deliberate indifference requires the prisoner to submit evidence that prison officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). The Fifth Circuit has defined a "serious medical need" as "one for which treatment has been recommended or for which the need is so apparent that *even laymen* would recognize that care is required." *Gobert*, 463 F.3d at 345 n.12 (emphasis added).

The Court has reviewed the allegations in the Amended Complaint and the Response to the Briefing Order Questionnaire. Plaintiff's own filings acknowledge testing and hospital visits, as well as treatment for other conditions. Plaintiff suffered from leg pain and back pain, which Plaintiff alleges eventually resulted in spinal disability. *See* ECF No. 6 at 6. In essence, Plaintiff alleges the treatment and care he received was inadequate to properly diagnose his condition in a timely fashion, and he suffered pain and possible exacerbation as a result of delayed treatment. *See id.* At most, Plaintiff has alleged negligence or inadequate medical treatment, but not deliberate indifference. *See Hall*, 190 F.3d at 698 ("This is simply not a scenario consistent with deliberate indifference to a serious medical need.").

The Court recognizes that the management of complicated, chronic conditions (like back pain or injury) in a prison setting is not ideal. However, Plaintiff's allegations do not evince a

4

wanton disregard for the medical needs of Plaintiff. *Johnson*, 759 F.2d at 1238; *Hall*, 190 F.3d at 697 ("prison official must 'know[] of and disregard[] an excessive risk to inmate health or safety"). In fact, Plaintiff's Amended Complaint and Response to the Briefing Order Questionnaire both reveal that Plaintiff *was* provided medical appointments, treatment for constipation and other conditions, and medical testing. Proper diagnosis or treatment of Plaintiff's condition aside, Plaintiff has not asserted a claim that Defendants deliberately ignored his requests to be seen by medical staff, failed to provide any treatment in response to Plaintiff's complaints, or disregarded a known excessive risk. "At its most egregious, [Plaintiff]'s evidence may suggest negligence, but that is insufficient to support an Eighth Amendment claim." *Hall*, 190 F.3d at 698. Plaintiff has failed to state a claim for deliberate indifference to a serious medical need — or any other claim for which relief can be granted. His Complaint is **DISMISSED**.

CONCLUSION

The Amended Complaint is **DISMISSED**.

**SO ORDERED.**

July **19**, 2023

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE